UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
VICTORIA DIAZ,

         Plaintiff,

         -against-

TARGET CORPORATION,

         Defendant.
-------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
15-CV-5731 (RRM) (ST)

ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff Victoria Diaz ("Diaz") commenced this action on August 25, 2015, alleging that defendant Target Corporation ("Target") was negligently responsible for her injuries after she slipped and fell in a Target store. (Compl. (Doc. No 1-2).) On October 2, 2015, Target removed this case from the New York Supreme Court, Queens County, pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332. (Notice of Removal (Doc. No. 1).) On January 24, 2017, Target filed for summary judgment. (*See* Mem. in Supp. (Doc. No. 21-20).) Diaz opposes the motion. (*See* Mem. in Opp'n. (Doc. No. 21-22).) For the reasons set forth below, Target's motion is granted, and the case is dismissed.

## BACKGROUND

### I. Facts

The following facts are taken from the parties' Rule 56.1 statements and are undisputed except where otherwise noted. Sometime between 7:00 and 8:00 P.M. on a rainy Sunday in May 2015, Diaz and her daughter Michelle Diaz ("Michelle") arrived at the College Point Target store in Flushing, New York. (Rule 56.1 Counterstatement (Doc. No. 21-21) at ¶¶ 74, 77, 78.) At approximately 8:21 P.M., Michelle was pushing their shopping cart several paces in front of Diaz in the women's clothing section. (*Id.* at ¶¶ 74, 79, 80.) At that time, Diaz stepped into a

puddle of water, slipped, and fell backwards into the puddle. (*Id.* at ¶¶ 84–85.) Neither Diaz nor her daughter noticed the water before the accident, and they were unable to identify the water's source. (*Id.* at ¶¶ 89–90.) Both Diaz and her daughter attest that after the accident, they noticed that the water was a dirty brown color. (Rule 56.1 Counterstatement at ¶ 93.) In contrast, Catherine Cavaleri, the "Leader on Duty" and second Target employee on the scene, contends that the water was clear. (Rule 56.1 Statement (Doc. No. 21-19) at ¶¶ 36, 41); Cavaleri Dep. (Doc. No 21-6) at 28.)[1] Diaz further asserts – and Target disputes – that there were two footprints in the water, including what she surmises was a man's footprint based on its size. (Rule 56.1 Counterstatement at ¶ 95.) Diaz, her daughter, and Cavaleri have no knowledge of how long the water had been on the floor before the accident. (Rule 56.1 Statement at ¶¶19, 30, 44.)

Target has practices and procedures in place for the maintenance and cleanup of spills. (*Id.* at ¶ 52.) Employees, including the Leader on Duty, continuously inspect the floors throughout the day. (*Id.* at ¶¶ 55–56.) On the day of the accident, neither Cavaleri nor any other Target employee observed an unsafe condition in the women's clothing section. (*Id.* at ¶¶ 44, 47.) While none of the store's cameras captured the accident on film, footage of the front doors shows that at least ten guests carrying umbrellas, some of which were visibly wet, entered the store in the twenty minutes preceding the accident. (*Id.* at ¶¶ 61, 65.)

## STANDARD OF REVIEW

Summary judgment is appropriate only where there exists no genuine issue of material fact. Fed. R. Civ. P. 56(a); *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A party asserting that a fact cannot be or is

---

[1] For ease of reference, citations to Court documents utilize the Electronic Case Filing System ("ECF") pagination.

2

genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). In determining whether a genuine issue of material fact exists, "the court must draw all reasonable inferences in favor of the nonmoving party." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149 (2000).

## DISCUSSION

Diaz asserts common law negligence claims against Target. As this action is brought in diversity, the Court applies New York substantive law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *accord Tenay v. Culinary Teachers Ass'n of Hyde Park*, 281 F. App'x 11, 12–13 (2d Cir.2008) (applying New York substantive law at summary judgment in a slip-and-fall case brought in diversity). Where, as here, "summary judgment is sought 'against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claims.'" *Casiano v. Target Stores,* No. 06-CV-6286 (NG), 2009 WL 3246836 at *3 (E.D.N.Y. 2009) (quoting *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995).

"To establish a prima facie case of negligence under New York law, 'a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom.'" *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006); (quoting *Solomon ex rel. v. City of New York*, 66 N.Y.2d 1026, 1027 (1985)). In a slip-and-fall case, "the burden is on the plaintiff to establish that the defendant 'created the condition which

caused the accident, or that the defendant had actual or constructive notice of the condition which caused the fall.'" *Casiano*, 2009 WL 3246836 at *3 (quoting *Bykofsky v. Waldbaum's Supermarkets, Inc.*, 210 A.D.2d 280, 281 (2d Dep't 1999)).

Here, Target concedes that it owed a duty to Diaz, and Diaz does not argue that a Target employee had actual knowledge of the liquid on which she slipped. (*See generally* Mem. in Opp'n; Mem in Support at 11). "The sole issue, therefore, is whether a reasonable jury could find that Target had constructive notice" of the liquid on the floor. *Casierra v. Target Corp.*, No. 09-CV-1301 (JG) (MDG), 2010 WL 2793778 at *2 (E.D.N.Y. July 12, 2010).

I. **Constructive Notice**

"'To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it.'" *Tenay*, 281 F. App'x at 14 (quoting *Gordon v. Am. Museum of Natural History*, 67 N.Y.2d 836 (1986)). "A 'general awareness' that a dangerous condition 'may be present' is legally insufficient to charge defendant with constructive notice of the specific condition that caused plaintiff's injuries." *Silverman v. United States*, No. 04-CV-5647 (ETB) 2008 WL 1827920 at *14, (E.D.N.Y. Mar. 28, 2008). "Under New York law, '[t]he mere existence of a foreign substance, without more, is insufficient to support a claim of negligence.'" *Casiano*, 2009 WL 3246836 at *3 (quoting *Segretti v. Shorenstein Co., East L.P.*, 682 N.Y.S.2d 176, 178 (1st Dep't 1998)).

To survive a motion for summary judgment, Diaz must "provide some basis for an inference that the [liquid] was there long enough to blame Target for the accident." *Casierra*, No. 2010 WL 2793778 at *3; *accord, Cousin v. White Castle Sys. Inc.*, 2009 U.S. Dist. LEXIS 57079, 2009 WL 1955555, (E.D.N.Y. July 6, 2009) ("[P]laintiff must present proof of either how

4

the substance got there or how long it was there before the fall.") In other words, Diaz must provide more than "'mere speculation' that a condition was visible and apparent for a sufficient length of time to be discovered and remedied." *Painchault v. Target Corp.*, No. 09-CV-1831 (NGG)(RML), 2011 WL 4344150 at *4 (E.D.N.Y. Sept. 14, 2011) (quoting *Bluman v. Freeport Union Free Sch. Dist.*, 5 A.D.3d 341, 342 (2d Dep't 2004)).

Here, Diaz argues that a jury could infer that the liquid had been there "long enough to blame Target for the accident" based principally on her and her daughter's contention that after Diaz fell the water appeared dirty and contained a pair of footprints.[2] (Rule 56.1 Counterstatement at ¶ 95); *Casierra*, No. 2010 WL 2793778 at *3. Although Michelle Diaz walked through the same area ahead of her mother, Diaz argues that one of the footprints was far too large to have been made by Michelle. (*Id.*) However, even drawing "all reasonable inferences in favor of the nonmoving party," *Reeves*, 530 U.S. at 149, these facts alone are insufficient to support an inference of constructive notice. That is, "even if it were plausible that another person had walked through the spill prior to [Diaz], it would remain speculative, on this record, as to when that occurred relative to [her] accident." *Nolascao v. Target Corporation*, No. 10-cv-3351 (ARR), 2012 U.S. Dist. LEXIS 191275 at *9–10, (E.D.N.Y. 2012); *accord Heit v. Supermarkets Gen. Corp.*, No. 93-CV-6871 (JFK), 1995 U.S. Dist. LEXIS 13644 (S.D.N.Y. Sept. 19, 1995) (granting summary judgment for defendant where plaintiff slipped in a

---

[2] Target argues that Victoria Diaz's affidavit is incompetent evidence and should not be considered by the Court. Specifically, Target points out that Victoria Diaz required the use of a translator at her deposition, but submitted her subsequent affidavit in English without any mention of the use of a translator. In fact, Diaz specifically notes that she cannot speak English. (Rule 56.1 Counterstatement at ¶ 111.) On that basis, Target argues that, without additional supporting documentation, the Court should disregard Diaz's affidavit. *See, e.g., Sicom S.P.A. v. TRS Inc.*, 168 F. Supp. 3d 698 (S.D.N.Y. 2016) (requiring additional documentation of translation for a non-English speaker's affidavit in English); *Lianyuan Feng v. Hampshire Times*, 2015 U.S. Dist. LEXIS 29899 (S.D.N.Y. Mar. 11, 2015) (same). However, even assuming Victoria Diaz's affidavit is competent evidence, she has not met her prima facie burden of establishing negligence through constructive notice.

supermarket on strawberries that appeared "flattened and dirty as if someone had stepped on them"); *Bykofsky*, 619 N.Y.S.2d at 761 ("[w]hile [plaintiff] described the fruit as 'squashed', the evidence was just as consistent with a finding that someone had dropped the fruit on the floor and had stepped on it shortly before [plaintiff] slipped"); *Pirillo v. Longwood Assoc., Inc.*, 179 A.D.2d 744, 579 (N.Y. App. Div. 1992) ("that there were footprints in the soda, that the soda was dried in many spots and that his hands were sticky from the soda" were insufficient to establish that the spill had existed "for such a period of time as to give rise to constructive notice"); *DeLotch v. Wal-Mart Stores*, No. 06-CV-5483 (GEL), 2008 U.S. Dist. LEXIS 47590, at *9 (S.D.N.Y, June 16, 2008) ("the simple fact that the banana was brown and smashed does not establish constructive notice . . . . a reasonable juror could not determine on this evidence that the banana had been on the floor for any specific length of time before [plaintiff] slipped on it."); *c.f. Salaam v. City of New York*, 226 A.D.2d 173, 640 (N.Y. App. Div. 1996) (constructive notice established where the puddle at issue was "dirty with numerous footprints, both wet and dry, leading out of it in all directions.")

"Mere speculation" about how the water came to be dirty or the source of a footprint is insufficient to demonstrate that the water in which Diaz slipped "was visible and apparent for a sufficient length of time to be discovered and remedied." *Painchault*, 2011 WL 4344150 at *4. "Thus, in cases where the plaintiff is unable to establish how long the condition causing the accident existed prior to the accident, courts have entered summary judgment in favor of the defendant." *Stephanides v. BJ's Wholesale Club, Inc.*, 2013 U.S. Dist. LEXIS 55969 at *15 (E.D.N.Y. Apr. 17, 2013). Accordingly, Diaz has failed to establish that Target had "constructive notice of the condition which caused the fall." *Casiano*, 2009 WL 3246836 at *3 (internal quotation marks omitted).

## II. Reasonable Inspection

Diaz argues that summary judgment is inappropriate because Target failed to perform a reasonable inspection of the area where the accident occurred. (*See* Mem. in Opp'n at 13.) However, Diaz's argument erroneously relies on the state burden of proof. Here, however,

> [b]ecause the federal burden of proof applies, [Target] was not required to produce evidence of the last time the area was inspected or cleaned, but need only point to [Diaz's] lack of evidence and inability to raise a genuine issue of material fact on the elements of her claim.

*Decker v. Middletown Walmart Supercenter Store #1959*, No. 15-CV-2886 (JCM), 2017 U.S. Dist. LEXIS 19350 at *26 (S.D.N.Y. Feb. 10, 2017); *see also Vasquez v. United States*, No. 14-CV-1510 (DF), 2016 WL 315879, at *8 (S.D.N.Y. Jan. 15, 2016) ("[d]efendant need not offer any evidence showing that its cleaning and inspection practices would have revealed the existence of a dangerous condition, but must only demonstrate that Plaintiff lacks affirmative proof sufficient to establish a genuine issue of fact with respect to the element of notice"); *Castellanos v. Target Dep't Stores, Inc.*, No. 12-CV-2775 (GWG), 2013 WL 4017166, at *7 (S.D.N.Y. Aug. 7, 2013) ("failure to present detailed evidence concerning its inspections of the premises does not preclude summary judgment, as the initial burden rests with the plaintiff to raise a triable question of fact that the defendant created or had notice of the dangerous condition"); *Lacey v. Target Corp.*, No. 13-CV-4098 (RML), 2015 WL 2254968, at *6 (E.D.N.Y. May 13, 2015) ("[E]ven assuming a reasonable inspection had not taken place, plaintiff has not shown that a reasonable inspection would have discovered the condition, as she cannot establish the length of time that the condition was there to be discovered."); *Stone v. 866 3rd Next Generation Hotel, LLC*, No. 99-CV-4780 (LTS) (KNF), 2002 U.S. Dist. LEXIS 15914 at *14 (S.D.N.Y. Aug. 27, 2002) ("in order to establish that Defendants had constructive notice of a [dangerous condition], Plaintiff must present evidence in the circumstances of this case that

a reasonable inspection . . . would have given Defendants notice of [the condition]"); *Gonzalez v. Kmart Inc.*, No. 13-CV-5910 (PKC) (VMS) 2016 U.S. Dist. LEXIS 64633 at n.5 (E.D.N.Y. May 17, 2016) ("[the] assertion that in order to succeed on summary judgment, Defendant must provide evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell is incorrect") (internal quotation marks omitted).

Here, Target has provided uncontroverted evidence of its inspection protocols. (Rule 56.1 Statement at ¶¶ 52, 55–56.) Regardless, Diaz bears the burden at summary judgment to point to evidence that Target had constructive notice of the dangerous condition. *Casiano*, 2009 WL 3246836 at *3. As noted above, Diaz has failed to make this threshold prima facie showing.

## CONCLUSION

For the reasons stated above, Target's motion for summary judgment (Doc. No. 21) is granted. Judgment shall enter accordingly.

SO ORDERED.

Dated: Brooklyn, New York
September 21, 2017

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge